BRUCE ELTON JORDAN *alias* B. F. JOHNSON *v.* THE STATE.

No. 22724. Delivered January 19, 1944.

The opinion states the case.

*G. H. Miller,* of Columbus, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Bruce Elton Jordan was given the death penalty for the murder of Tom Dype, and brings this appeal.

According to the written confession of appellant which is undenied by him and is corroborated in much detail by the physical facts and by other witnesses, the appellant and deceased left Houston, Texas, on the night of April 17, 1943, for San Antonio. The deceased was engaged in the produce business and appellant was an employee who had made frequent trips to San Antonio and the Valley to buy truck loads of fruit and vegetables, which they transported to Houston and sold to people operating retail stands at the market place. On the particular occasion, deceased had something over $800.00 in money. This fact was known to appellant. At a point west of Columbus,

Colorado County, appellant was driving the car while deceased was asleep in the seat. The fact of Dype's having the money had been discussed by them and Jordan decided to kill him and take the money. The details of what occurred were told in the confession. Appellant left the body by the side of the road, returned to Houston, changed clothing in his room, and caught a bus the same night for Knoxville, Tennessee.

When the truck which they were driving was discovered on the streets with blood in it, a search was instituted for Dype. His body was not found for about two days. In the meantime, officers went to the room occupied by Jordan, where they found some bloody clothing. They found the address of a friend in Knoxville, Tennessee, and correctly surmised that he had gone there. Officers in the Tennessee city were notified and Jordan was soon arrested with a large part of the money. He was returned to Texas and made a voluntary confession which, as stated, comports with the physical facts revealed by the discovery of Dype's body.

Appellant did not testify and offered no evidence in his case. The jury found him guilty and returned the death penalty. There are no bills of exception in the record and nothing is presented for our consideration.

The judgment of the trial court is affirmed.